Form G-3 (20240417)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION  DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| MELVIN ESTES, JR., | ) | |
| | ) | No. 24-12692 |
| | ) | |
| Debtor(s) | ) | Judge Jacqueline P. Cox |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on October 21, 2024, at 9:00 a.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, **either** in courtroom 680 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604 **or** electronically as described below, and present the motion of Creditor States Resources Corp. [to/for] Relief from the Automatic Stay under 11 USC 362(d), a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 273 2896, and the passcode is 778135. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ Jefffrey Monberg

Jeffrey M. Monberg (ARDC #6270295)
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
Phone: (312) 715-5162
jeff.monberg@quarles.com

# CERTIFICATE OF SERVICE

I, Jeffrey M. Monberg,

☒ an attorney, certify

- or -

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on October 9, 2024, at 5:00 p.m. *

/s/ Jefffrey Monberg
[Signature]

*All applicable boxes must be checked and all blanks filled in.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| ) | |
| MELVIN ESTES, JR., ) | Case No. 24-12692 |
| ) | Hon. Judge Jaqueline P. Cox |
| Debtor. ) | |
| ) | |
| ) | |

## SERVICE LIST

By electronic mail service pursuant to the Court's on the following counsel or parties:

Scott D. Fink on behalf of Creditor Consumers Credit Union., ecfnil@weltman.com

Thomas H. Hooper, thomas.h.hooper@chicagoch13.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Joshua Martin on behalf of Melvin Estes, Jr. josh@citizenslawgroup.com, josh_3069@ecf.courtdrive.com,R55564@notify.bestcase.com,dbedford@citizenslawgroup.com

By USPS First Class Mail, postage prepaid:

Melvin Estes, Jr.
4241 S Langley Ave
Chicago, IL 60653

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| ) | |
| MELVIN ESTES, JR., ) | Case No. 24-12692 |
| ) | Hon. Judge Jaqueline P. Cox |
| Debtors. ) | |
| ) | Hearing Date: October 21, 2024, at 9:00 a.m. |
| ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO 11 U.S.C. § 362(d)

Creditor States Resources Corp. (*"SRC"*) by its undersigned counsel, hereby moves the Court for an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to allow it to enforce its non-bankruptcy rights and remedies with respect to certain real estate located at 8136-8140 S. Kedzie, Chicago, IL 60653 (the "Kedzie Property"). The Kedzie Property is not the Debtor's property. In support of its Motion, SRC states as follows:

### I.   Introduction

1.   SRC is the holder of two real estate loans secured by mortgages on the Kedzie Property. The subject loans are in default, and the Kedzie Property is the subject of a pending foreclosure action in the Circuit Court of Cook County, Chancery Division, under Case No. 2024 CH 02719 (the *"Foreclosure Action"*). A real estate receiver has been appointed to collect the rental income and manage the Kedzie Property during the pendency of the Foreclosure Action.

2.   Debtor Melvin Estes Jr. (*"Debtor"*) does not own the Kedzie Property, so it is not part of the Debtor's estate. The Kedzie Property is owned by Estes Investments LLC ("*Estes Investments*"). The Debtor was named as a co-defendant in the Foreclosure Action because the Debtor personally guaranteed the subject loans. Additionally, the Debtor has interfered with the receiver's collection of the rents and management of the Kedzie Property.

3. SRC seeks relief from the automatic stay because the Debtor does not own the Kedzie Property, and he seeks to use the rents to fund his Chapter 13 Plan and pay his other creditors (Dkt. 1, Schedule A, §§ 1.2-1.4);Dkt. 2).

4. The value of the Kedzie Property is less than what is owed to SRC.

5. SRC requests that the Court modify the automatic stay to allow SRC to exercise its non-bankruptcy rights and remedies on an *in rem* basis against the Kedzie Property, including all rights under the Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1101, *et seq*.

## II. Jurisdiction

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

9. The basis for relief sought herein is 11 U.S.C. § 362 and Fed. R. Bank. P. 4001, 6007(b) and 9014.

## III. Parties

10. Debtor filed a voluntary petition for relief (the *"Petition"*) under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the *"Bankruptcy Code"*), on August 28, 2024 (the *"Petition Date"*).

11. Debtor is an individual who, according to his Petition, resides at 4241 S. Langley Avenue, Chicago, IL 60653.

12. SRC is an Iowa corporation with a principal place of business located at 2211 S. 156th Cir., Omaha, NE 68130.

## IV. Background

13. The Kedzie Property is mixed use rental property with approximately ten (10) residential and commercial units. (Dkt 1., Schedule G, Section 2.).

14. Prior to the Petition Date, U.S. Bank National Association (*"U.S. Bank"*) made two loans to Estes Investments to finance the acquisition and operation of the Kedzie Property (collectively, the *"Loans"*).

15. Estes Investments, not the Debtor, owns the Kedzie Property. Debtor is the Member and owner of Estes Investments. (Dkt. 1, Official Form 107, Part 11.) The Debtor personally guaranteed the repayment of the Loans.

16. Prior to the Petition Date, Estes Investments defaulted on the Loans. Among other things, Estes Investments failed to make payments on the Loans when due, failed to maintain insurance for the Kedzie Property, and failed to make full and complete payment of the real estate taxes for the Kedzie Property when due.

17. On or about April 1, 2024, U.S. Bank filed a Verified Complaint to Foreclose Mortgages and for Other Relief (the *"Complaint"*) in the Foreclosure Action. A true and correct copy of the Complaint is attached hereto as Exhibit 1 and is incorporated herein by reference. True and correct copies of the notes (collectively, the *"Notes"*) and mortgages (collectively, the *"Mortgages"*), including the amendments thereto, evidencing the Loans are attached to the Complaint as Exhibits A, B, D and E.

18. On or around July 8, 2024, U.S. Bank assigned the Notes, Mortgages, and other loan documents to SRC. Copies of the assignments to SRC are attached hereto Exhibit 2 and are incorporated herein by reference.

19. On July 24, 2024, Frontline Real Estate Partners was appointed as receiver over the Kedzie Property in the State Court Action. A true and correct copy of the Receiver Order is attached hereto as <u>Exhibit 3</u>.

20. On or about August 12, 2024, the court entered an Order substituting SRC as Plaintiff in the State Court Action. A true and correct copy of the Order is attached hereto as <u>Exhibit 4</u>.

21. Under the Receiver Order, the receiver is authorized to collect all rents relating to the Kedzie Property. In addition, under the Receiver Order, Estes Investments and the Debtor were required to cooperate with the receiver to turnover:

    a. Any income generated from the Kedzie Property after entry of the Receiver Order;

    b. All contracts, documents, and agreements relating to accounts receivable and payable operation, management, sale, leasing and/or control of the Kedzie Property; and

    c. A list of all tenants and their payment history.

22. Since entry of the Receiver Order, Estes Investments has failed to cooperate with the receiver as required under the Receiver Order and has failed to turnover any income relating to the Kedzie Property. The Debtor has interfered with the receivership.

23. The Debtor filed his Petition on August 28, 2024.

24. In his Chapter 13 Plan ("*Plan*"), the Debtor proposes to use the rents, which are SRC's collateral and not the Debtor's property, to fund his Plan and pay his other creditors. (Dkt. No. 2, Chapter 13 Plan part 3.2).

25. As of October 7, 2024, no less than $715,621.24 is owed to SRC under the Loans, including the following:

    <u>Note 18 (as defined in the Complaint)</u>

Principal: $611,710.45
Interest: $54,097.61
Late Charges: $1,527.57
Total: $667,335.63

Note 34 (as defined in the Complaint)

Principal: $26,503.46
Interest: $1,666.95
Totals: $28,170.41

Expenses: $20,115.20   (including legal fees and amounts advanced to the receiver).

26. The value of the Kedzie Property is less than what is owed to SRC under the Loans.

## IV.    Relief from Stay

27. SRC seeks relief from the automatic stay to permit the SRC to exercise its rights against the Kedzie Property, including prosecuting the Foreclosure Action and allowing enforcement of the state court's Receivership Order.

28. Section 362(d) of the Bankruptcy Code provides that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if —

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

29. The Kedzie Property is not part of the Debtor's Estate under 11 U.S.C. § 541(a), so the automatic stay of 11 U.S.C. § 362(a) does not restrain SRC from foreclosing on the Kedzie Property.

30. Nonetheless, SRC brings this Motion out of an abundance of caution, given the Debtor's incorrect bankruptcy filings, and because it may be necessary to proceed against the Debtor, on an *in rem* basis, to the extent the Debtor has claimed control over the Kedzie Property. *See*, *In re Gordon Props., LLC*, 460 B.R. 681, 699 (Bankr. E.D. Va. 2011) ("One cardinal rule of bankruptcy practitioners is, if there is doubt as to whether the automatic stay applies, file a motion. Assert that the stay does not apply and request, in the alternative, that if it does apply, that relief from it be granted.").

31. The "cause" standard under § 362(d)(1) must be interpreted broadly. *See In re Spencer*, 115 B.R. 471, 476 (D. Del. 1990); *Norton v. Hoxie State Bank*, 61 B.R. 258, 260 (D. Kan. 1986).

32. Here, SRC is not adequately protected and "cause" exists because the Debtor has wrongly claimed ownership of the Kedzie Property, and the Debtor has interfered with receivership, including collection of the rents from the Kedzie Property. The Debtor has no right to rents from the Kedzie Property, which are SRC's collateral, but seeks to pay other creditors under his Plan. Moreover, the real estate taxes for the Kedzie Property are delinquent, and property insurance has not been maintained. It is necessary for the receiver to manage the Kedzie Property, collect the rents, and protect SRC's interests in its collateral. Therefore, cause exists to modify the stay under § 362(d)(1).

33. SRC is entitled to relief pursuant to § 362(d)(2) because the debtor lacks equity in the Kedzie Property and it is unnecessary for a reorganization.

34. The Debtor does not own the Kedzie Property, and the indebtedness owed under the Loans exceeds the value of the Kedzie Property.

35. Further, the Kedzie Property is not "necessary to an effective reorganization" under § 362(d)(2)(B) of the Bankruptcy Code and therefore is not entitled to the protection of the automatic stay. In order for the property to be necessary to an effective reorganization, a debtor must show both that the property is necessary to effect reorganization, and that there is a reasonable possibility of a successful reorganization within a reasonable time. *See United Sav. Assoc. of Tex. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 108 S. Ct. 626 (1988). *See also In re Johnston*, 31 B.R. 202 (Bankr. D. Vt. 1983); *In re Trina-Dee, Inc.*, 26 B.R. 152 (Bankr. E.D. Pa. 1983); *In re Discount Wallpaper Ctr., Inc.*, 19 B.R. 221 (Bankr. M.D. Fla. 1982); and *In re Terra Mar Associates*, 3 B.R. 462 (Bankr. D. Conn. 1980).

36. The Debtor cannot reorganize by using SRC's collateral, which is not part of the Debtor's Estate, to pay other creditors. Moreover, the rents from the Kedzie Property are not sufficient to repay the debt owed to SRC and maintain the real estate taxes, insurance, and other expenses of property, let alone pay other creditors.

37. SRC requests waiver of the fourteen-day automatic stay of Bankruptcy Rule 4001(a)(3).

WHEREFORE, States Resources Corp. respectfully requests this Court to enter an Order:

A. Granting SRC relief from the automatic stay to proceed with the Foreclosure Action;

B. Granting SRC all other relief which is just and proper; and

C. Waiver of the fourteen-day (14) automatic stay of Bankruptcy Rule 4001(a)(3).

Dated: October 9, 2024

Respectfully submitted,

/s/ *Jeffrey M. Monberg*
Jeffrey M. Monberg (ARDC #6270295)
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
Phone: (312) 715-5162
Facsimile: (312) 715-5155
jeff.monberg@quarles.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, I filed the foregoing court filing via CM/ECF, and served a copy of the foregoing court filing in the following manner and on the following parties:

By electronic mail service pursuant to the Court's on the following counsel or parties:

Scott D. Fink on behalf of Creditor Consumers Credit Union., ecfnil@weltman.com

Thomas H. Hooper, thomas.h.hooper@chicagoch13.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Joshua Martin on behalf of Melvin Estes, Jr. josh@citizenslawgroup.com, josh_3069@ecf.courtdrive.com,R55564@notify.bestcase.com,dbedford@citizenslawgroup.com

By USPS First Class Mail, postage prepaid:

Melvin Estes, Jr.
4241 S Langley Ave
Chicago, IL 60653

/s/ *Jeffrey M. Monberg*